UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL PARKER, JR.,

       Plaintiff,

v.                                              Case No. 4:06-CV-133
                                                Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, on behalf of himself and his child, M.P.(collectively referred to as "plaintiffs"), brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction (docket no. 10).

      **I.**      **Discussion**

On March 30, 2006, an Administrative Law Judge (ALJ) issued a decision determining that plaintiff had been overpaid disability insurance benefits (DIB) in the amount of $39,143.00, and that plaintiff's child, M.P., had been overpaid child's insurance benefits (CIB) in the amount of $16,398.00. *See* Declaration of Earnest Baskerville attached to defendant's motion.[1] On September 2, 2006, the Appeals Council remanded the case to the ALJ for reconsideration. *Id.* On October 26, 2006, plaintiffs filed a form complaint seeking judicial review of the ALJ's March 30, 2006 decision. On July 2, 2007, plaintiffs filed a "Statement" advising the court that they had

---

[1] Earnest Baskerville is the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration.

"received a notice to appear for a hearing on July 13, 2007 at 2:30 p.m." at the Office of Hearings and Appeals regarding the remand. *See* docket no. 16. Nothing in the record indicates whether the hearing occurred, whether the ALJ issued a decision on remand, or whether the Appeals Council performed a post-remand review of this matter.[2]

Defendant contends that plaintiff's complaint should be dismissed because he did not exhaust his administrative remedies and never obtained a judicially reviewable final decision. I agree. Defendant is proceeding pursuant to Fed. Rules Civ. Proc. 12(b)(1) (lack of jurisdiction over the subject matter). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although § 405(g) limits review to a "final decision

---

[2] Plaintiff Bill Parker, Jr., has a separate suit pending before this court, *Bill Parker, Jr. v. Commissioner*, No. 4:06-cv-128 (W.D. Mich.) ("*Parker II*"), which contests the Commissioner's March 27, 2006 decision finding that plaintiff was not under a disability. This report and recommendation does not address plaintiff's disability claim raised in *Parker II*.

of the Commissioner," that term is not defined in the statute.  *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review.  *See* 20 C.F.R. § 1400(a) (1)-(4).  When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court."  *See* § 1400(a)(5).  Thus, to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g), the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies.  *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991).

Neither element is present in this case.  The record reflects that the Commissioner has not issued a final decision in this matter, which appears pending before the ALJ on remand.  Plaintiffs cannot exhaust their administrative remedies in the absence of a final decision.  Based on this record, the court lacks jurisdiction to review plaintiffs' complaint pursuant to § 405(g).  *See Pohlmeyer*, 939 F.2d at 320.

### II.     Recommendation

I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 10) be **GRANTED** and the action be dismissed.

Dated:  November 21, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).